IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORD EXCAVATING INC., ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-450-E-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| NORTHLAND INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court in the above-entitled matter are Defendant Northland Insurance Company's ("Northland") motion for summary judgment (Docket No. 12) and related motions to strike filed by Northland and Plaintiff Nord Excavating, Inc. ("Nord'). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Factual Background

Plaintiff Nord Excavating Inc. ("Nord") filed a Complaint in state court alleging breach of contract and bad faith against their insurance company, Northland, for Northland's alleged failure to cover the loss on a certain 1993 Dresser 256 Dozer ("dozer"). Plaintiff alleges the dozer was damaged due to vandalism via sand and dirt in the oil and Northland claims their investigation does not support vandalism as the cause for the failure of the dozer was mechanical failure that is excluded under the insurance policy. Northland removed the matter to federal court and has now moved for summary judgment.

It is undisputed that Northland issued Commercial Inland Marine Policy No. CP497881-06 (the "Policy") to Nord for a one year term expiring on November 1, 2007.

The Policy provided coverage for contractors equipment subject to certain exclusions. The dozer at issue was covered under the Policy. The exception to coverage Northland claims prevents coverage states:

> We will not pay for a 'loss' caused by or resulting from any of the following
> : . . .
> Wear and tear, any quality in the property that causes it to damage or destroy itself, hidden or latent defect, gradual deterioration, depreciation, mechanical breakdown, insects, vermin, rodents, corrosion, rust dampness, cold or heat unless 'loss' by fire, lightening, explosion of collision results. . . .

On January 29, 2007, Nord submitted a "Property Loss Notice" claiming the loss to the dozer was attributable to an act of vandalism and indicated the date of the loss was November 20, 2006. Nord alleged someone had tampered with the dozer's engine by placing rocks and debris in the valve covers which caused the engine to fail.

Upon receipt of the claim, Northland hired Intermountain Claims, Inc. ("Intermountain Claims") to investigate the claim. Intermountain Claims conducted an inspection of the dozer and met with a mechanic who inspected the dozer, obtained statements from Nord representatives and collected an oil sample from the dozer. Intermountain Claims issued a report concluding the dozer's engine failure was from a mechanical failure when anti-freeze washed the engine oil off the engine bearings and it was not a result of vandalism.

On March 1, 2007, Pioneer Equipment conducted another inspection of the dozer engine and noted an excessive amount of bearing material in the oil pan, rod bearing gaulded to the crankshaft, a deeply grooved crankshaft, and an excessively flaking bearing. Pioneer found the presence of antifreeze in the oil as well as excessive bearing wear, but did not find any rocks in the oil pan. On March 15, 2007, Horizon Fluid evaluated the oil sample and determined excessive bearing wear, severe levels of coolant indicators, severe levels of bearing material, and high metal levels indicative of crankshaft/camshaft wear. Based on these reports, Northland denied coverage for the failure of the dozer's engine.

On January 10, 2008, Nord reported the alleged vandalism to the Bonneville county Sheriff's Department. No witnesses or suspects were found concerning the vandalism report.

In response to the insurance company's denial of the claim, Nord had the dozer inspected. Nord first had Mr. Don Ker ("Ker") inspect the engine seven months after the dozer's engine failed. Ker determined the oil pan contain an excessive amount of dirt stuck to the bottom and sides along with bearing material from the failed bearings. Ker determined the reason for the engine failure was that someone placed dirt and rocks in the engine.

Nord asked Mr. John Telford ("Telford") to inspect the engine when he was replacing the engine in the summer of 2008. Telford noted extreme wear on the camshaft and gears and noted an excessive amount of sandy dirt inside many parts of the engine. He found sandy dirt in the oil pump which he believes would limit the oil flow. Telford opines the limited oil flow due to the dirt would have been a key factor in the engine failure. Nord maintains the damage was due to vandalism and should be covered under the Policy.

## Procedural Background

In opposition to Defendant's motion for summary judgment, Nord filed the affidavits of Telford and Ker. Defendant moves to strike the affidavits of Telford and Ker claiming they do not comply with the requirements for an expert's affidavit. Plaintiff sought leave to file supplemental affidavits for Telford and Ker to cure the alleged defects in their expert's opinions since the witnesses' depositions have now been taken by Defendant. The Court granted Plaintiff's request to file supplemental affidavits on September 30, 2009 (Docket No. 31). Prior to Plaintiff filing supplemental affidavits, Defendant filed a motion in limine seeking to exclude the testimony of Ker and Telford as well as the oil pan sample contained in a soda bottle. Docket No. 32. On October 14, 2009, Plaintiff's counsel filed an affidavit in opposition to Defendant's motion for summary judgment and included as

exhibits the deposition testimony of Ker and Telford.[1]  Docket No. 36.  Defendant renewed its motions to strike the affidavits of Telford and Ker.  Docket No. 38.

## Motions to Strike

The crux of the motions to strike and the motion in limine is Defendant's position that Ker and Telford cannot provide expert testimony in this case.  Plaintiff maintains that Ker and Telford can provide lay testimony about what they actually observed when working on the engine in question and expert testimony as to their opinions as to the cause of the engine failure.  Plaintiff argues the testimony should be admissible and the credibility of Ker and Telford's testimony should be determined by the jury.

The Court finds that Ker and Telford's testimony is admissible as expert testimony under Fed. R. Evid. 702 as the testimony is based on "technical or other specialized knowledge and will assist the trier of fact to understand the evidence or determine a fact in issue."   The rule specifically provides a person can be qualified as an expert based on experience or training. Expert qualifications are not limited to those learned from schooling, and extensive, hands-on experience can provide expert qualification.  Both Ker and Telford have years of experience in working on large machinery.  Further, the testimony of these witnesses will be subject to cross examination to allow counsel to compare the qualifications of their expert against the other experts.

While it is true Plaintiff's counsel has not provided the type of expert disclosure normally provided in discovery, now that Ker and Telford have been deposed, any deficiencies in the expert reports provided arguably has been cured.  The fact that Plaintiff's witnesses did not consider the investigative reports of Defendant's experts is also a topic that can be addressed in cross-examination, but the fact remains that Plaintiff's experts maintain the engine failure was caused sand and dirt in the oil.

---

[1] When the Court granted Plaintiff leave to file supplemental affidavits, the Court expected counsel to file supplemental affidavits of Ker and Telford, instead Plaintiff filed the complete deposition transcripts of Ker and Telford forcing the Court to wade through the testimony to determine any relevant information. This presentation of Ker and Telford's opinions is not in a very helpful format to the Court and this practice should be avoided in the future.

The Court agrees with Plaintiff that proponents of expert testimony do not have to demonstrate for purposes of summary judgment or trial that their expert's assessments are correct. Parkinson v. Guidant Corp., 315 F.2d 754, 758 (W.D. Pa. 2004). Based on their experience Plaintiff's expert's have formed opinions regarding the engine failure and there is a basis for their opinion. Defendant's experts will be allowed to discuss the theories of Plaintiff's experts and reach their own conclusions as to whether or not such opinions should be given more or less credibility. Bergen v. F/V St. Patrick, 816 F.2d 1345, 1352 , n.5 (9th Cir. 1989).

Moreover, Defendants can attack the chain of custody of the engine and the oil from the date of the failure until the date of the Ker and Telford's examinations, but the mere passage of time is not a proper basis to exclude the testimony of Ker and Telford who have years of experience in working on large machinery engines.  The motions to strike the testimony of Ker and Telford as well as the motion in limine to exclude their testimony should be denied.

Motion to Strike Portions of Defendant's Memorandum

Plaintiff seeks to have the Court strike portions of Defendant's memorandum in support of summary judgment which cite the investigative reports of Intermountain Claims dated April 16, 2007, correspondence from Pioneer Equipment Company dated April 5, 2007,and a Horizon Flue Analysis Report dated March 15, 2007. Plaintiff argues these reports and correspondence are hearsay and cannot be relied upon for purposed of deciding the motion for summary judgment as they are not admissible. The Defendant argues the reports and correspondence should be considered by the Court for purposes of summary judgment as the reports can be admitted into evidence at trial in a variety of ways.  The Court agrees with Northland that the reports and correspondence can be considered for purposes of summary judgment.

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. Orr v. Bank of Am., 283 F.3d 764,773 (9th Cir. 2002). However, the

reports and correspondence in this case may be admissible at trial under certain exceptions, so they can be considered by the Court for purposes of summary judgment. Defendants can easily have the contents of the reports testified to by the persons who prepared such reports. Williams v. Borough of W. Chester, 891 F.2d 458, 465 n.12 (3rd Cir. 1989) ("hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, i.e., in a form that would be admissible at trial")(internal quotations omitted). Or the reports and correspondence could be admissible as an exception hearsay as business records of regularly business activity pursuant Fed. R. Evid. 803(6). Therefore, the motion to exclude these exhibits is denied for purposes of the Court's consideration of the motion for summary judgment.

## Motion for Summary Judgment

1. Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

---

[2] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

2. Analysis

It is undisputed that the insurance policy excludes coverage for mechanical failure, but provides coverage for vandalism of the equipment. This case is a battle of the experts in attempting to determine the cause of the failure of the equipment. Defendant had independent inspections of the equipment after the claim was filed and determined the cause of the failure was wear and tear due to alleged improper maintenance by Plaintiff. Plaintiff had the engine replaced in 2008 and Ker and Telford formed their opinions as to the cause of the failure months after the engine failed and based on oil samples that were also months old. Because the facts are disputed as to the cause of the failure, the Court must deny the motion for summary judgment and set this matter for trial. A jury will have to determine based on the credibility of the witnesses what weight to give each expert's opinion and to decide by a preponderance of the evidence the cause of the engine failure.

## Order

Being fully advised in the premises, the Court hereby orders that:

1. Nord's Motion to Strike (Docket No. 25) is DENIED.

2. Northland's Renewed Motion to Strike (Docket No. 38) is DENIED.

3. Northland's Motion in Limine (Docket No. 32) is DENIED.

4. Northland's Motion for Summary Judgment (Docket No. 12) is DENIED.

5. This matter remains set for trial April 27, 2010 at 9:30 a.m. at the Federal Courthouse in Pocatello, ID.

DATED: **March 29, 2010**

Honorable Edward J. Lodge
U. S. District Judge