IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NORD EXCAVATING INC., | ) | |
| Plaintiff, | ) | Case No. CV08-450-E-EJL |
| | ) | |
| vs. | ) | MEMORANDUM ORDER |
| | ) | |
| NORTHLAND INSURANCE COMPANY, | ) | |
| Defendant. | ) | |
| | ) | |

When ruling on Defendant Northland Insurance Company's ("Northland") motion for summary judgment (Docket No. 12) and related motions to strike filed by Northland and Plaintiff Nord Excavating, Inc. ("Nord'), the Court failed to address the tortious bad faith claim. The Court will now address that issue. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Factual Background

The Court adopts the factual background set forth in its Memorandum Order, Docket No. 45 and incorporates the same by reference.

Motion for Summary Judgment

1. Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would

---

[1] See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

MEMORANDUM ORDER - Page 2
10ORDERS\Nord_badfaith.WPD

otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

2. Analysis

Defendants move for summary judgment dismissal of Nord's claim for tortious bad faith arguing that such claim must be dismissed as the insurance claim was fairly debatable. Nord objects to the requested dismissal arguing that Northland has been unreasonable in denying its insurance claim.

In order to recover on a claim of bad faith against an insurance company the following elements need to be established by Plaintiff: (1) the insurance company intentionally and unreasonably denied or delayed payment; (2) the claims was not fairly debatable; (3) the denial or delay was not the result of a good faith mistake; and (4) the resulting harm is not fully compensated by contract damages. White v. Unigard Mut. Ins. Co., 730 P.2d 1014 (1986); Lovey v. Regence BlueShield of Idaho, 72 P.3d 877 (2003). "[A]n insurer does not act in bad faith when it challenges the validity of a fairly debatable claim." McGilvray v. Farmers New World Life Ins. Co., 28 P.3d380, 386 (2001).  The burden is on Plaintiff to establish that the claim was not fairly debatable. Robinson v. State Farm Mut. Automobile Ins. Co.,45 P.3d 829, 832 (2002) (citing Simper v. Farm Bureau Mut. Ins. Co., 974 P.2d 1100, 1103 (1999)).  The evidence for deciding if a claim is fairly debatable is the evidence the insurer had before it at the time it denied the claim.  Rice v. Union Central Life Ins. Co., 2006 WL 3523538 (D. Idaho 2006).

As indicated in the Court's previous Memorandum Decision, this case is a battle of the experts in attempting to determine the cause of the failure of the equipment.  Defendant had independent inspections of the equipment after the claim was filed and determined the cause of the failure was wear and tear due to alleged improper maintenance by Plaintiff.

MEMORANDUM ORDER - Page 3
10ORDERS\Nord_badfaith.WPD

Plaintiff had the engine replaced in 2008 and relies on expert reports significantly after the failure the dozer to support that the claim should be covered under the vandalism provision of the policy.  Based on the undisputed evidence that the insurer had before it at the time it denied the claim, the claim was in the very least "fairly debatable."  Northland had no evidence from its independent inspections that the cause of the failure was due to vandalism only Plaintiff's claim it was due to vandalism.  The claim of vandalism being rejected by the insurance company due to a lack of evidence does not support a prima facie claim of bad faith.  See Lucas v. State Farm Fire and Casualty Co., 963 P.2d 357, 360 (1998).  Later, based on the conflicting causes of damage as presented by the experts in this case, the denial of the claim was still "fairly debatable" as the date of the Plaintiff's expert's evaluations were not timely as compared to the insurance company's expert reports and testing and were not necessarily inconsistent with the insurance company's expert's findings.  The "differing responses by the numerous [individuals] involved," establish that the denial of the claim was "fairly debatable."  Rice v. Union Central Life Ins. Co., 2006 WL 3523538 (D. Idaho 2006).  Because there is no genuine issue of material fact regarding whether the denial of the claim was "fairly debatable" and because Plaintiff can be fully compensated via contract damages, the Court finds Plaintiff has not established all the requisite elements for a bad faith claim, summary judgment should be granted in Defendant's favor and this claim should be dismissed.

Order

Being fully advised in the premises, the Court hereby orders that Northland's Motion for Summary Judgment (Docket No. 12) at to the bad faith claim is GRANTED.

DATED:  **April 14, 2010**

Honorable Edward J. Lodge
U. S. District Judge